COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| JAMES RYAN PILARCIK, | | No. 08-08-00118-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 195th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-0723180-N) |
| | § | |

## MEMORANDUM OPINION

James Ryan Pilarcik appeals his conviction of possession of methamphetamine. We dismiss the appeal for want of jurisdiction.

On February 22, 2008, Appellant waived his right to a jury trial and entered a non-negotiated plea of guilty. The trial court assessed punishment at a fine of $500 and confinement in the state jail for 180 days. Appellant filed notice of appeal that same day and he filed a motion for new trial on March 4, 2008. On April 27, 2008, the trial court granted Appellant's motion for a new trial but did not permit him to withdraw his plea of guilty. On June 26, 2008, the trial court conducted a new punishment hearing and assessed Appellant's punishment at confinement in the state jail for two years. Appellant filed a motion for new trial and the trial court granted it. On June 30, 2008, the trial court assessed Appellant's punishment at a fine of $500 and confinement in the state jail for 180 days.[1] Appellant did not file a notice of appeal following the imposition of this sentence in open court.

---

[1] The judgment signed by the trial court on June 30, 2008 is erroneous in that it reflects on its first page in the section labeled "Date Judgment Entered" the date of "2/22/2008".

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Appellant filed a timely notice of appeal following his sentencing on February 22, 2008. However, the trial court subsequently granted Appellant's request for a new trial on the issue of punishment only. Then, the trial court re-sentenced Appellant and Appellant again filed a motion for new trial. The trial court granted that motion on June 30, 2008 and sentenced Appellant in open court on that date. Appellant did not file a notice of appeal following the imposition of sentence.

The Rules of Appellate Procedure permit a party in a criminal case to file a premature notice of appeal where the notice of appeal is filed after a finding of guilt has been made but before sentencing. *See* TEX.R.APP.P. 27.1(b)("In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict."). The notice of appeal filed on February 22, 2008 does not constitute a premature notice of appeal because it was filed after sentence was imposed in open court. The trial court then granted Appellant's motion for new trial and conducted a new punishment hearing. Appellant was required to file a new notice of appeal after the trial court re-sentenced him on June 30, 2008. That notice of appeal was due to be filed on July 30, 2008, thirty days after the day sentence was imposed in open court. *See* TEX.R.APP.P. 26.2(a)(1). Because Appellant did not file notice of appeal within this time-frame, we dismiss the appeal for want of jurisdiction.

October 2, 2008

_____

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)